Baldwin, J.
delivered the opinion of the Court.
It appears to the Court, that the judgment in the proceedings mentioned, recovered against the appellant by the appellee Fontaine Wells, administrator of John C. Wells, who was administrator of John Clarke, was founded upon the obligation of the appellant, for the amount of her purchases at the sale of the goods and effects of the said John Clarke, made by his administrator, the said John C. Wells, and that whatever remained due upon said obligation at the time of the appellant’s qualification as administratrix de bonis non of the said John Clarke, became assets in her hands, to be applied in a due course of administration, unless the *479 same is to be regarded as having been converted by the said John C. Wells in his lifetime.
it does not appear that at the time of the death of the said John C. Wells, he was in advance to his intestate’s estate on account of his administration thereof: on the contrary, it appears that there was a large amount of assets in his hands, which fell, after his death, into the hands of his administrator Fontaine Wells, who, by reason thereof, owes a considerable balance to the estate of the said John Clarke. It is therefore unnecessary for the reimbursement or indemnity of the said John C. Wells’ estate, that his administrator Fontaine Wells should call for payment from the appellant, of her aforesaid obligation.
The sale by an executor or administrator, of his decedent’s goods and effects, though upon a credit, must be treated at law as a conversion thereof; inasmuch as the proceeds of such sale may be necessary for the payment of outstanding debts, or to reimburse the executor or administrator when in advance to the estate, or to indemnify him for personal liabilities which he may have incurred for the benefit thereof: and his condition in reference to the estate in these respects, cannot be ascertained without a final settlement of his administration, which would be difficult and inappropriate in an action brought by an administrator de bonis non against a purchaser at a sale so made by the executor or administrator. But this rule of law is subject to exceptions in a Court of equity, and is not applicable in that forum when, upon a settlement between proper parties, of the administration of the executor or administrator, it appears that the collection of such sale bonds by his personal representative, is unnecessary for the reimbursement or indemnity of his decedent’s estate, and may, therefore, be confided as unadministerec| assets to the administrator de bonis non.
*480 In the present case there can be no propriety in permitting Fontaine Wells, who does not represent the estate of John Clarke, to coerce payment by proceedings at law from the appellant, who is administratrix de bonis non of said Clarke’s estate, of that portion thereof which must be considered as having come to her hands; the more especially as there is a considerable balance now due from him to that estate. And the appellant is properly before a Court of equity, for the purpose of establishing the credits to which she is entitled, and of having distribution amongst herself and the other distributees of said Clarke, of whatever balance of his estate may remain in the hands of Fontaine Wells as administrator of John C. Wells, and in her own, or which may be due from the estate of the said John C. Wells.
The Court is therefore of opinion, that the Circuit court ought not to have dissolved in any part the injunction which had been granted to the appellant, and ought to have proceeded, after the cause should be matured for hearing, as to the defendants, who are distributees of the said John Clarke deceased, to make distribution of his remaining estate amongst those entitled thereto, after correcting any errors in the settlement of accounts made by its commissioner, which may be shewn by such of the parties as were not then before the Court.
The Court is further of opinion, that upon the pleadings and proofs now in the cause, the Circuit court erred in disallowing the credit to the appellant of 51 dollars, which is the subject of the appellee’s third exception to commissioner Chapman's first report, and in disallowing the credit to her of 209 dollars 54 cents, which is the subject of the appellee’s fifth exception to said report.
The Court is therefore of opinion, that the said decree of the Circuit Superior court is erroneous: And it is ordered and decreed, that the same be reversed and *481 annulled, with costs to appellant: And it is further ordered and decreed, that the injunction which had been granted to the appellant, be reinstated in full: And the cause is remanded to the said Circuit Superior court, to be proceeded in according to the principles of the foregoing opinion and decree.
Allen, J.
I am of opinion the Court erred in sustaining the third and fifth exceptions taken by the defendant Wells to the commissioner’s report, and in not proceeding to require settlements of the administration accounts on the part of all those connected with the administration of the estate of John Clarke deceased, and for the distribution thereof. I think, therefore, the decree should be reversed, the injunction be reinstated, and the cause remanded for further proceedings, in order to a final settlement of the administration accounts, and for a distribution of said estate.